UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GLENN E. SCHEMBECHLER, III,

    Plaintiff,

    v.                                     Case No. 1: 09-cv-803-HJW

KATHRYN A. SCHEMBECHLER,

    Defendant

### ORDER

This matter is before the Court upon the defendant's "Motion to Dismiss Amended Complaint" (doc. no. 22) pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff opposes the motion. Having fully considered the record, including the first amended complaint (doc. no. 16) and the parties' briefs (doc. nos. 22-24), the Court will **DENY** the motion for the following reasons:

**I.  Allegations and Procedural History**

On February 24, 2010, plaintiff filed a two-count amended complaint seeking a declaration and order directing the defendant to provide him with 1) certain information and reports about the trust ("Trust") of Glenn E. Schembechler Jr. ("Bo"); and 2) a financial accounting of the defendant's administration of the Trust. A copy of the Trust Agreement is attached to the amended complaint. The factual allegations of the amended complaint are summarized as follows:

On or about September 17, 1998, Bo established a trust in Cincinnati, Ohio (doc. no. 16, Ex. 1 Trust Agreement). The Trust provides that it is governed by Ohio law. Bo was the trustee of the Trust during his life, but upon his death in 2006, that

responsibility passed to his wife, Kathryn Schembechler ("defendant") (¶¶ 8-9).[1] The Trust provides that plaintiff (Bo's son) is a residuary beneficiary of the Trust (¶ 20, citing Ex. 1, Art. IV, § 3 "Upon the death . . ., the Trustee shall hold the then remaining principal and all accrued and accumulated but undistributed income of this Trust for the benefit of Grantor's son, Glenn E. Schembechler, III").

The Trust was divided into Fund A (Marital Trust) and Fund B (Unified Credit Trust), and provided that Kathryn would receive the net income of both funds (¶ 11). She was also allowed to receive money from the principal of Fund A in order "continue to live to the fullest degree possible in the manner to which Grantor's spouse has been accustomed," as the Trustee may deem "necessary and proper" (¶ 12, citing Ex. 1, Art. III, § 1). In the Trustee's discretion, she was also allowed to receive money from the principal of Fund B to provide for her "financial requirements," defined as her "accustomed manner of living, education, and medical care," during her lifetime (¶ 13, citing Ex. 1, Art. IV, § 2). In considering her financial requirements, the Trust required the Trustee to consider "other funds known to the Trustee to be available to such beneficiary for such purposes" (¶ 14, citing Ex. 1, Art. IX, § 19(d)).

Plaintiff alleges that defendant, as the current Trustee, has failed to consider the substantial assets that she possesses independent of the Trust in evaluating discretionary distributions from the principal of Fund B for her "financial

---

[1] **Defendant indicates that she serves both as the Trustee of the Trust and as Personal Representative of the Estate (doc. no. 23 at 4, fn. 5).**

requirements" (¶ 15). Plaintiff asserts that defendant has improperly distributed money from the Trust to her relatives who are not beneficiaries, has paid for a house in Colorado, and is incurring lavish expenditures to live well above her "accustomed manner of living" (¶ 16). Plaintiff contends that Kathryn has an "irreconcilable conflict of interest" (¶¶ 17-19).

Plaintiff asserts that, pursuant to the express terms of the Trust, he is entitled to quarterly statements of administration from the Trustee regarding the Trust (¶ 21, citing Ex. 1, Art. IX, § 1(a)). Plaintiff also asserts he is entitled to certain information and reports of the Trust's administration under Ohio law (¶ 22). He indicates he has requested, but not received, this information from defendant (¶¶ 23-34).

After setting forth these factual allegations, the amended complaint states plaintiff's actual claims. In Count I, plaintiff alleges that defendant has failed to provide him with information and reports he requested about the Trust. Plaintiff contends he is entitled to the information under the terms of the Trust (Ex. 1, Art. IX at § 1) and under the Ohio Trust Code, specifically, pursuant to Ohio Rev. Code §§ 5808.13. He requests a declaration that he is entitled to this information and an order directing defendant to provide it (¶¶ 36-40).

In Count II, Plaintiff alleges that pursuant to Ohio Rev. Code § 2109.303(A) and (C)(4), the Trustee is "obligated to render an accounting" of her administration of the Trust to plaintiff upon court order issued for good cause shown. He sets forth several grounds in support of good cause (¶¶ 44-47). Plaintiff requests a declaration

and order directing defendant (as Trustee) to provide him with an accounting of her administration of the Trust (¶¶ 41-48).

**II. Rule 12(b)(6) of the Federal Rules of Civil Procedure**

Defendant moves for dismissal pursuant to Rule 12(b)(6) for failure to state a claim for relief. A Rule 12(b)(6) motion tests the sufficiency of the complaint. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). The Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007). A complaint will withstand a Rule 12 motion to dismiss if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 129 S.Ct. at 1949 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 550 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The basic federal pleading requirement of Fed.R.Civ.P. 8(a) requires only that the complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief. Pardus, 127 S.Ct. at 2200.

**III. Analysis**

At issue is whether the amended complaint states a claim for relief, specifically whether plaintiff has set forth a claim for certain information (Count 1) and/or an accounting (Count 2) regarding the Trust.

Count 1 cites the Ohio Trust Code, at § 5808.13 "Duty to Inform and Report," which provides in relevant part that a " trustee of a trust . . . shall send to .. . . .

beneficiaries who request it, at least annually . . . a report of the trust property, liabilities, receipts, and disbursements, including the source and amount of the trustee's compensation, a listing of the trust assets, and if feasible, the trust asserts' respective market values."[2] The Trust provides that it is governed by Ohio law, and defendant concedes that plaintiff is entitled to this information (doc. no. 22 at 2). Moreover, defendant indicates in her reply brief that notwithstanding her previous arguments, she is not seeking dismissal of Count 1 "because evidence outside of the pleadings is necessary to demonstrate she has fully complied with the requirements of the Ohio Trust Code and, on numerous occasions, has provided Plaintiff with information necessary to protect his remainder interest in the Trust" (doc. no. 24 at 2). The Court observes that the parties' cross-motions for summary judgment are pending (doc. nos. 34, 37, 38).

Turning to Count 2, the amended complaint asks for an accounting of the Trust pursuant to Ohio Rev. Code § 2109.303, which provides in relevant part that "every testamentary trustee shall . . . render an account of the trustee's . . . administration of the . . . trust . . . at least once in each two years. . . Any testamentary trustee . . . shall render an account . . .upon an order of the court issued for good cause shown . . . upon the motion of any person interested in the .

---

[2]**Ohio Rev. Code § 5801.04(A), provides that "except as otherwise provided under the terms of the trust, Ohio Rev. Code Chapters 5801-5811 govern the duties and powers of a trustee, relations among trustees, and the rights and interests of a beneficiary."**

. . .trust."[3] Plaintiff's amended complaint sets forth various grounds in support of "good cause."

Defendant argues that the Trust entitles plaintiff to less information than Ohio Rev. Code § 2109.303. Defendant asserts that the Trust requires defendant to provide Plaintiff, as a remainder beneficiary, only with "information related to the details of the securities transactions undertaken In the Trust or a broker's confirmation of such transactions" (doc. no. 22 at 7). Defendant points to the Trust Agreement which provides:

> ". . . the Trustee shall keep an appropriate record of the administration of the trust and shall render statements of such administration not less often than quarterly to the adult beneficiaries and to the guardian(s) of beneficiaries under disability who are from time to time entitled to receive income hereunder. The Trustee shall make available to any income or remainder beneficiary, at no additional cost and upon written request from time to time, either the details of securities transactions undertaken in such beneficiary's trust or a broker's confirmation thereof. . . . Should special additional remuneration be necessary, the Trustee agree to disclose the same to each such beneficiary at or before the time of the transaction" (doc. no. 16, Ex. 1, Art. IX, § 1(a-c)).

Plaintiff succinctly responds that Count 2 does not ask for an accounting under the terms of the Trust, and moreover, the first sentence of the above paragraph provides that adult beneficiaries are entitled to quarterly statements. Plaintiff points out that the Trust is subject to Ohio law and that the Ohio Trust Code defines a beneficiary

---

[3]This statute applies to testamentary trustees as well as "every other fiduciary not subject to" the Ohio code sections for executors, guardians, and conservators. Ohio Rev. Code § 2109.303.

as a "person that has a present or future beneficial interest in a trust, whether vested or contingent." Ohio Rev. Code § 5808.01(C). As alleged, plaintiff appears to meet this statutory definition. Construing the amended complaint's factual allegations in the light most favorable to plaintiff, Count 2 sufficiently states a claim for relief.

Defendant further contends that, even if § 2109.303 applies, plaintiff has not shown "good cause" for an accounting because the amended complaint must satisfy the heightened pleading requirements for "fraud" under Fed. R. Civ. P. 9 (doc. no. 24 at 5). This argument misses the mark, as plaintiff has not pleaded a claim of breach of fiduciary duty, much less a claim of fraud. Moreover, the amended complaint does allege that defendant has improperly distributed funds from the Trust to her relatives who are not beneficiaries, has an "irreconcilable conflict of interest," and is incurring lavish expenditures to live well above her "accustomed manner of living" (¶¶ 16-19). For purposes of Rule 12, the amended complaint sets forth sufficient allegations to sufficiently state a claim for relief and withstand dismissal. Fed.R.Civ.P. 12(b)(6).

Defendant next urges dismissal under the "probate exception" to jurisdiction. The United States Supreme Court has explained that the "probate exception reserves to state probate courts the probate . . . of a will and the administration of a decedent's estate . . . [b]ut it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction." Marshall v. Marshall, 547 U.S. 293, 311-12 (2006). Trusts have historically been subject to federal jurisdiction, and "[m]any, if not most, courts have held that the probate

exception does not apply to actions involving trusts." Evans v. Pearson Enterprises, Inc., 434 F.3d 839, 848 (6th Cir. 2006). Here, both counts request information about the Trust. As this Court would lack jurisdiction over any probate matters, this Court will specifically decline any attempts by the parties to broaden the scope of this proceeding into any areas properly reserved to the exclusive jurisdiction of the state probate courts.

Ohio probate courts have exclusive jurisdiction, unless otherwise provided by law, "to direct and control the conduct and settle the accounts of executors and administrators and order the distribution of estates." Ohio Rev. Code § 2101.24(c). Plaintiff is not asserting any claim that would interfere with these functions. The Court notes that the probate of Bo's will and estate is pending in Florida. There, state circuit courts, as courts of equity, have jurisdiction to order an accounting in cases of mismanagement by trustees. 18 Fla. Prac., Law of Trusts § 12:1 (2010 ed.).[4]

Defendant fails to explain how the furnishing of Trust information by the Trustee to a beneficiary would interfere with probate of the estate in Florida. The probate proceedings in Florida concern Bo Schembechler's will and estate, rather than the Trustee's duty to provide beneficiaries with information about the ongoing administration of the Trust. Based on the information presently before the Court,

---

[4] See Lepard v. NBD Bank, a Div. of Bank One, 384 F.3d 232 (6th Cir. 2004) ("The standard for determining whether federal jurisdiction may be exercised is whether under state law the dispute would be cognizable only by the probate court.").

the probate exception does not apply here.[5] The Court observes that the parties have reasserted jurisdictional issues in the pending motions for summary judgment.

To the extent defendant requests dismissal of "all claims related to the Estate," she correctly asserts that legal claims concerning the will and estate are "for the Florida probate court to resolve" (doc. no. 24 at 3). However, Counts 1 and 2 of the amended complaint are based entirely on plaintiff's alleged right to information <u>about the administration of the Trust</u>. Resolution of those counts will not interfere with the probate proceedings in Florida. See <u>Markham v. Allen</u>, 326 U.S. 490, 494 (1946) (federal courts have jurisdiction "to entertain suits 'in favor of creditors, legatees and heirs' and other claimants against a decedent's estate 'to establish claims' so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court."). Plaintiff's claims do not require this Court to probate or annul the will, to administer the estate, or to dispose of any property in the custody of the Florida probate court. See, e.g., <u>Wisecarver v. Moore</u>, 489 F.3d 747 (6th Cir. 2007).

Defendant argues that under Ohio law, "[n]o court can compel a trustee of a pure discretionary trust to exercise the trustee's discretion to distribute income or

---

[5]In the preliminary "Facts" section of the amended complaint and in Exhibit 2 attached to the amended complaint, plaintiff has created some confusion by indicating that defendant has not provided him with requested documents relating to the "Estate and/or Trust" (doc. no. 16 at ¶¶ 24, 27-30, Ex. 2). Documents concerning probate matters would be outside the scope of the present action. The requests for information here are not a substitute for, and will not interfere with, any exceptions to the estate accounting filed in the Florida probate court.

principal, unless the trustee acts in bad faith, dishonestly, or with in improper purpose." <u>Pack v. Osborn</u>, 117 Ohio St.3d 14, 20 (Ohio 2008). However, the present plaintiff is not asking the Court to compel distribution of any funds.

Finally, plaintiff in his response asks the Court to "sua sponte" dismiss the defendant's counter-claim for lack of jurisdiction (doc. no. 23 at 14). However, plaintiff may not embed a dispositive motion in a responsive brief. Rule 12 provides that defenses must be asserted in *pleadings* or by *motion*. Fed.R.Civ.P. 12(b). The Court will not address plaintiff's request for dismissal of the counter-claim at this time, particularly since the parties have recently filed cross-motions for summary judgment on all claims, including the counter-claim.

Accordingly, the Motion to Dismiss Amended Complaint (doc. no. 22) is DENIED.

IT IS SO ORDERED.

                                                                                                  <u>    s/Herman J. Weber    </u>
                                                       Herman J. Weber, Senior Judge
                                                       United States District Court